**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| HOMEVESTORS OF AMERICA, INC., | § | |
| | § | |
| *PLAINTIFF*, | § | |
| | § | **CIVIL ACTION NO.** 1:22-cv-11976 |
| v. | § | |
| | § | |
| REITHINK MEDIA, LLC | § | **JURY TRIAL DEMANDED** |
| | § | |
| *DEFENDANT*. | § | |
| | § | |
| | § | |

---

## ORIGINAL COMPLAINT

---

Plaintiff HomeVestors of America, Inc. ("HomeVestors"), commonly known as the We Buy Ugly Houses® people, files this Complaint against Defendant REIThink Media, LLC ("Defendant") for trademark infringement, false designation of origin, unfair competition, false advertising, and copyright infringement. HomeVestors seeks (1) actual damages or, alternatively, statutory damages, which should be increased due to Defendant's willful infringement pursuant to 17 U.S.C. § 504(c)(2); (2) a full accounting and disgorgement of Defendant's profits pursuant to 17 U.S.C. § 504; (3) a permanent injunction; and (4) its attorney's fees and costs of court.

## I.   PARTIES

1.     Plaintiff HomeVestors is a Delaware corporation with its principal place of business in Dallas, Texas.

2.     On information and belief, Defendant REIThink Media, LLC is a New York limited liability company and claims that its principal place of business is located in Boston,

---

Massachusetts. Defendant claims that it is located at 867 Boylston Street 5th Floor #1220 Boston, MA 02116. It may be served with process there or through its registered agent Legalinc Corporate Services, Inc., at 1967 Wehrle Drive, Suite 1 #086, Buffalo, NY 14221.

## II.   JURISDICTION AND VENUE

3.      This is an action for trademark infringement and unfair competition arising under 15 U.S.C. §§ 1114 and 1125(a), and an action for copyright infringement under 17 U.S.C. §§ 501 et eq. Accordingly, this Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338.

4.       Defendant is subject to personal jurisdiction in this District because Defendant either resides in or is doing substantial business in this District. In addition, on information and belief, Defendant has infringed HomeVestors' intellectual property in this District.

5.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that a substantial part of the claims arose in this District and Defendant resides in this District for purposes of venue under 28 U.S.C. § 1391(c).

## III.   FACTUAL BACKGROUND

A.   **HomeVestors' Intellectual Property Rights**

6.      HomeVestors is the largest homebuyer in the United States. Since its founding in 1996, HomeVestors' network of over 1,100 independently owned and operated franchises has purchased over 125,000 homes throughout the United States. HomeVestors' franchisees, who are located in 48 states and the District of Columbia, build businesses based on buying, rehabbing, selling, and holding residential properties.

7.      Known as the We Buy Ugly Houses® people, HomeVestors strives to make a positive impact in each of its over 175 markets. HomeVestors was listed on the 2021 Inc. 5000 list, and has appeared for 10 consecutive years on the prestigious Franchise Business Review's

List of Top Franchises. HomeVestors has also been regularly recognized by Entrepreneur Magazine, including as a Top Growth Franchise, and placed at number 36 on its annual Franchise 500. In 2020, Franchise Times ranked HomeVestors 94th on its Top 200 Franchise Chains by Worldwide Sales.

8.      HomeVestors is also the owner of United States Trademark Registrations for its HOMEVESTORS family of marks (collectively, the "Marks"), including:

| MARK | REG. NOS. |
|---|---|
| HOMEVESTORS | 5,877,669<br>2,894,974<br>2,721,129<br>2,402,260 |
| #HOMEVESTORS | 5,086,770 |
|  | 2,746,669<br>2,012,077 |
| H HOMEVESTORS<br>AMERICA'S #1 HOME BUYER | 5,135,417 |
|  | 5,135,416 |
|  | 5,569,849 |
|  | 2,761,385 |

| MARK | REG. NOS. |
|:---:|:---:|
|  | 6,244,229<br>4,551,942 |

9.      Several of HomeVestors' registrations for the HOMEVESTORS Marks have become incontestable and constitute conclusive evidence of the validity of the mark, HomeVestors' ownership of the mark, and its exclusive right to use the mark. Copies of the USPTO Registrations for the identified HOMEVESTORS Marks are attached as Exhibit A.

10.      HomeVestors' franchisees advertise their real estate-related services through print media, billboards, the Internet, on television, and on radio.  HomeVestors' annual advertising expenditures routinely exceed $85 million.

11.      HomeVestors uses a cartoon caveman named Ug Lee in connection with advertising HomeVestors' services. One example of Ug Lee is shown below:



12.     In addition to owning federal trademark registrations for its Ug Lee logo, HomeVestors also owns several copyright registrations for visual works depicting Ug Lee, including Registration No. VA 0001250961 ("Ug Lee Ugly with money bag") and Registration No. VA 0002324485 ("Legacy Logo_DotCom") that is depicted below (collectively, the "Registered Works").



13.     The Registered Works were published in 2004 and 2021, respectively. A copy of the U.S. Copyright Office online record information for the Registered Works is attached as Exhibit B.

14.     HomeVestors is also the owner of trade dress consisting of a distinctive yellow and red color scheme in which the HomeVestors phone number is included in white lettering against a red stripe located at the bottom of a yellow background.  These distinctive advertisements also often utilize the HomeVestors mascot Ug Lee, as shown below (all elements collectively referred to as "HomeVestors' Trade Dress").

15.     HomeVestors' Trade Dress is used in signage, billboards, print media and Internet advertisements and even painted on vehicles as depicted below:



16.     The use of these specific colors and layout to identify its business has created a distinctive impression with current and potential customers that distinguishes HomeVestors' business from that of its competitors.

17.     The distinctive design of HomeVestors' Trade Dress is not functional as it is not essential to the use or purpose of the advertising nor does the design affect the cost or quality of the advertising—it is merely an ornamental arrangement of features.  It therefore constitutes protectable trade dress.

18.     HomeVestors' Trade Dress is featured in the above-referenced advertising and therefore enjoys significant goodwill among relevant consumers.

19.     Only HomeVestors, its independently owned and operated franchisees, and its authorized marketing partners have the right to use HomeVestors' Marks, copyrights, and Trade Dress in the United States. Said franchisees and authorized marketing partners may only do so with HomeVestors' express consent.

**B.     Defendant's Wrongful Acts**

20.     Defendant is not an authorized marketing partner, is not a licensed HomeVestors franchisee, and does not have any affiliation with HomeVestors. Consequently, Defendant is not entitled to use any of HomeVestors' Marks, copyrights, or Trade Dress to promote its advertising services.

21.     Defendant has used and continues to use the HOMEVESTORS Marks, copyrights, and Trade Dress to advertise its marketing services, including on the following sample postcard:



22.     On information and belief, Defendant sent the above sample postcard to numerous HomeVestors franchisees, along with a letter advertising their marketing services. A copy of the letter with the sample postcard is attached as Exhibit C ("Marketing Letter").

23.     The Marketing Letter states that Defendant has "put together a never seen before full-blown marketing blitz exclusive for Homevestors Franchise [sic]."

24.     HomeVestors has no connection to Defendant and has not authorized Defendant to prepare any marketing campaign.

25.     The Marketing Letter also states that Defendant is offering "[a] proven program that we have already tested and works ~ period."

26.     HomeVestors has not authorized or permitted Defendant to offer any advertising or marketing on behalf of HomeVestors or its franchisees.

27.     The Marketing Letter also includes the following statements from Defendant:

In 9 minutes, I guarantee you'll realize, like other franchises have, the sheer force of the multi-media, multi-touch-point marketing plan we've created and see why, to date, we have a 100% "yes!" response and 100% HomeVestors franchisees saying "sign me up!"

28.     On information and belief, no HomeVestors franchisee has agreed to use Defendant's marketing services. Further, Defendant is not authorized to utilize any of HomeVestors' Marks, copyrights, or Trade dress.

29.     Defendant's statements in the Marketing Letter falsely implies that HomeVestors has authorized Defendant to conduct advertising for HomeVestors' franchisees.

30.     Further, Defendant's statements in the Marketing Letter falsely claim that Defendant has a "100% 'yes!' response" to its offer. Further, the Marketing Letter falsely insinuates that HomeVestors franchisees have already signed-up for Defendant's services.

31.     In addition to the infringing mailer, Defendant has also created a video that illegally uses HomeVestors' name, its Marks, Trade Dress, and registered copyrights. The video is available online at https://reithinkmedia.ewebinar.com/webinar/4672/replay/2925573

32.     The following are screenshots from Defendant's video, showing Defendant's illegal use of HomeVestor's name, Marks, Trade Dress, and Registered Works:







33.     In addition, Defendant claims that it is offering an exclusive opportunity to HomeVestors' franchisees, as shown below:



34.     Defendant's use of HomeVestors' name, Marks, copyrights, and Trade Dress to advertise their marketing services confuses and deceives franchisees and consumers into believing that Defendant is affiliated with HomeVestors. Defendant's intent to confuse franchisees and consumers harms HomeVestors' reputation.

35.     As a result of Defendant's infringing activities, actual confusion has occurred.

36.     HomeVestors has no adequate remedy at law for many of these injuries, and thus seeks injunctive relief to end the continuing wrongful acts of Defendant.

## IV.     CLAIMS FOR RELIEF

### COUNT I:

### Trademark and Trade Dress Infringement Under the Lanham Act, 15 U.S.C. § 1114

37.     HomeVestors realleges and incorporated by reference the allegations set forth in all proceeding paragraphs.

38.     HomeVestors is the owner of valid and subsisting U.S. registrations for the HOMEVESTORS Marks identified above.

39.     HomeVestors is the owner of the HomeVestors' Trade Dress identified above.

40.     Defendant's wrongful and unauthorized use in commerce of the HOMEVESTORS Marks and Trade Dress to promote, market or sell their advertising services constitutes trademark and trade dress infringement under 15 U.S.C. § 1114, because such actions are likely to cause confusion, mistake or deception. And in fact, Defendant's actions have caused confusion, mistake, and/or deception.

41.     Defendant's intentional and willful infringement of the HOMEVESTORS Marks and Trade Dress has caused, and will continue to cause, damage to HomeVestors, and is causing irreparable harm to HomeVestors for which there is no adequate remedy at law. Therefore, HomeVestors is entitled to injunctive relief against Defendant.

42.     HomeVestors is entitled to recover Defendant's profits, its actual damages, and the costs of this action.

43.     HomeVestors is further entitled to recover treble damages and attorneys' fees under 15 U.S.C. § 1117, as this is an exceptional case due to Defendant's willful conduct.

## COUNT II:
### False Designation of Origin and Unfair Competition
### Under the Lanham Act, 15 U.S.C. § 1125(a)

44.     HomeVestors realleges and incorporates by reference the allegations set forth in the preceding paragraphs.

45.     HomeVestors is the owner of valid U.S. registrations for the HOMEVESTORS Marks identified above. HomeVestors is also the owner of the HomeVestors' Trade Dress identified above.

46.     The HOMEVESTORS Marks and Trade Dress are distinctive marks that are associated with HomeVestors and exclusive identify HomeVestors' business and services.

47.     Defendant has used, and continues to use, in commerce one or more words, terms, names, symbols, devices, designs and combinations thereof and/or false descriptions of origin that are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant with HomeVestors and/or as to the origin, sponsorship, or approval of the services and products and commercial activities of Defendant, and thus constitutes trademark and trade dress infringement, false designation of origin, and unfair competition with respect to the HOMEVESTORS Marks and Trade Dress, in violation of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

48.     The actions of Defendant described above have at all times relevant to this action been willful and intentional.

49.     As a result of Defendant's actions, HomeVestors has been damaged and will continue to be damaged. HomeVestors is entitled to recover Defendant's profits, its actual damages, and the costs of this action. HomeVestors is further entitled to recover treble damages and attorneys' fees under 15 U.S.C. § 1117, as this is an exceptional case due to Defendants' willful conduct.

## COUNT III:
## Copyright Infringement

50.     HomeVestors realleges and incorporated by reference the allegations set forth in all proceeding paragraphs.

51.     The Registered Works are highly original and contain creative expression and independent analysis. Each of the Registered Works is an original work copyrighted under 17 U.S.C. § 102(a).

52.     Plaintiff owns all right, title, and interest in and to the Registered Works and is the owner of a valid copyright registrations for the Registered Works.

53.     As the owner of the Registered Works, Plaintiff has the exclusive right to (1) reproduce the Registered Works and (2) distribute copies of the Registered Works pursuant to Section 106 of the Copyright Act, 17 U.S.C. § 106.

54.     Copies of the Registered Works were made available to Defendant, for example, on HomeVestors' website.

55.     On information and belief, Defendant copied and distributed the Registered Works on a consistent and systematic basis, without Plaintiff's authorization or consent.

56.     Based on the inclusion notices and warnings contained on Plaintiff's website and other publications, Defendant knew and/or was on notice that the Registered Works were and are protected by the copyright laws, and Defendant is therefore unable to assert a defense of innocent infringement. *See* 17 U.S.C. § 401(d).

57.     Upon information and belief, Defendant willfully infringed the copyrights in the Registered Works by acting with knowledge that its actions constituted infringement, or at least with reckless disregard of the possibility that the conduct complained about constitutes infringement.

58.     Defendant's acts violate Plaintiff's exclusive rights under Section 106 of the Copyright Act of 1976, 17 U.S.C. § 106, as amended, and constitute willful infringement of Plaintiff's copyrights in the Registered Works. Defendant's past and continuing copying,

transmitting, and distribution of Plaintiff's Registered Works constitute a willful, deliberate, and

ongoing infringement of Plaintiff's registered copyrights and are causing irreparable harm and

damage to Plaintiff.

59.     Plaintiff has no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, HomeVestors respectfully prays that the Court enter judgment in its favor

on each and every claim for relief set forth above and award it relief against Defendant including,

but not limited to:

(1)     Actual, treble, and exemplary damages;

(2)     In accordance with 15 U.S.C. § 1116, issue a permanent injunction enjoining Defendant and Defendant's officers, agents, servants, employees, franchisees, if any, and attorneys, and all persons in active concert or participation with Defendants from the acts described in this Complaint;

(3)     Order Defendant and Defendant's officers, agents, servants, employees, franchisees, if any, and attorneys, and all persons in active concert or participation with Defendants to identify all third parties to whom Defendant has represented an ownership, affiliation, association, or sponsorship with the HOMEVESTORS Marks or Trade Dress and to whom Defendant has distributed any type of materials incorporating HomeVestors' intellectual property.

(4)     Order Defendant to provide an accounting of all sales, revenues, and profits related to Defendant's services that infringe HomeVestors' intellectual property and that are falsely designated as being sponsored by, approved by, affiliated with, or associated with HomeVestors;

(5)     In accordance with 15 U.S.C. § 1118, order all materials in Defendant's possession or control bearing the HOMEVESTORS Marks or Trade Dress be surrendered for destruction;

(6)     In accordance with 15 U.S.C. §§ 1117(a) and (d), award HomeVestors all of Defendant's profits from the aforesaid acts of trademark infringement, and unfair competition;

(7)     In accordance with 15 U.S.C. §§ 1117(b) and (c), award HomeVestors the maximum statutory damages for Defendant's counterfeiting of the HOMEVESTORS Marks and Trade Dress;

(8)     In accordance with 15 U.S.C. § 1117(a), find this case to be exceptional in HomeVestors' favor and award HomeVestors its reasonable attorney's fees, costs, and expenses of this action;

(9)     That Defendant be required to pay to Plaintiff such actual damages as it has sustained and/or statutory damages, at Plaintiff's election, as a result of Defendant's infringement of Plaintiff's registered copyrights pursuant to 17 U.S.C. § 504, which should be increased due to Defendant's willful infringement pursuant to 17 U.S.C. § 504(c)(2);

(10)    That Defendant be required to account for and disgorge to Plaintiffs all gains, profits, and advantages derived from its infringement of Plaintiff's registered copyrights pursuant to 17 U.S.C. § 504;

(11)    Award HomeVestors its costs and pre-judgment and post-judgment interest at the maximum allowable interest rate;

(12)    Order that Defendant must file with the Court and serve on HomeVestors' counsel within 30 days after entry of the injunction, a written report, sworn under oath, setting forth in detail the manner and form in which Defendant has complied with the injunction;

(13)    Order that Defendant engage in corrective advertising by, at a minimum, providing direct communications to each person that received any of Defendant's communications about HomeVestors, where such corrective advertising explains that Defendant was not authorized to offer such services, has no affiliation with HomeVestors,  apologizes for any confusion; and

(14)    Grant HomeVestors such other relief, at law or in equity, to which it is justly entitled.

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff respectfully requests a trial by jury for all issues so triable in accordance with

Rule 38 of the Federal Rules of Civil Procedure.


Dated: November 18, 2022                    Respectfully submitted:

By: */s/Jacob K. Baron*_____
Jacob K. Baron, BBO #652568
Jacob W. S. Schneider, BBO # 675315
**HOLLAND & KNIGHT LLP**
10 St. James Avenue
 Boston, MA 02116
617.523.2700
*Jacob.Baron@hklaw.com*
*Jacob.Schneider@hklaw.com*

Justin S. Cohen (*pro hac vice* forthcoming)
Dina W. McKenney (*pro hac vice* forthcoming)
**HOLLAND & KNIGHT LLP**
One Arts Plaza
1722 Routh St., Suite 1500
Dallas, TX 75201
214.969.1700
*Justin.Cohen@hklaw.com*
*Dina.McKenney@hklaw.com*

*Attorneys for HomeVestors of America, Inc.*